IN THE MATTER OF THE PROBATE OF THE WILL OF JAMES STOKES, DECEASED.

*Surrogate's Court — equitable powers of, to require the books and papers of an estate to be opened to the inspection of a litigant — when such power will be exercised.*

An application made to a surrogate to exercise the equitable authority of the court and to require a temporary administrator to deposit in the court the books and papers of the estate, and submit them to the investigation of a party interested in a litigation as to the admission to probate of the will of the deceased owner, will not be granted upon the simple statement that the temporary administrator is hostile in interest to the petitioner, and does not afford her the same opportunity to search for letters, books and papers which might be favorable to her side of the case, which he gives to her adversary, it not being affirmatively alleged that any such documents so favorable to her interests exist.

*Semble*, that should the petitioner designate any paper, document or book containing evidence material to the decision of the issues involved, the court has power to make such an order.

APPEAL from an order of the surrogate denying the petition of Dora Stokes Dale that the books and papers of the estate of James Stokes, deceased, her father, be deposited in court by the temporary administrator appointed pending a contest as to the admission of a will to probate, for the inspection and examination of herself and her counsel.

*F. N. Bangs*, for the appellant, Dora Stokes Dale.

*Wm. M. Evarts*, for the respondent.

DAVIS, P. J.:

It is expressly disclaimed by the counsel for the appellant that the application was made under any of the statutory provisions for the discovery and production of books, documents, etc. Nor is it claimed that there is any statute specifically conferring power on the surrogate to make the order prayed for. It is claimed in substance that the power rests in the equitable authority of the court to require its own officer and custodian to produce books and papers affecting a question in contest before it, and submit them to the inspection of a party interested in the litigation.

The application is largely based upon the assumption, or fact (whatever it may be) that the temporary administrator is hostile in interest to the petitioner and, therefore, withholds from her, sources of information or inquiry which he opens freely to her antagonist. We have examined the question with care, because of the apparent hardship, if it be true, that one side of the controversy enjoys full access to all books, papers and accounts of the decedent, while none is allowed to another party equally interested in the estate and in the controversy. A court would certainly be warranted in such a case in extending its powers to the utmost verge of its jurisdiction in aid of even-handed justice.

There is no complaint that the petitioner and her counsel are not permitted freely and fully to examine whatever documents, books or papers are produced in evidence in the case; but in substance that she does not have the same opportunity to search for and find, if they chance to exist, whatever letters, books and papers might tend in her favor, while her opponents, including the administrator, bring forward only those which they suppose tend against her.

It is not affirmatively alleged as matter of fact, within the knowledge of the petitioner, that documents favorable to her side of the issue actually exist. Their existence is purely matter of faith and hope rather than of knowledge; and her desire is to scrutinize all the books, letters, papers and documents of the decedent which have come to the hands of his present representative, to see whether such scrutiny will not develop something that will aid her allegations against the validity of his will. In all its aspects the application is simply piscatorial, and if it succeed in catching nothing it will only disappoint a mere conjecture.

On the other hand, it is manifest that such an order may be seriously embarrassing to the temporary administrator in the discharge of his duties. His right to the custody of the books, etc., is undoubted. That such custody and control is needful in performing his functions is apparent. And to interfere therewith by such an order as is asked for would be an unusual exercise of power.

We think the learned surrogate rightly disposed of the motion on the grounds assigned in his opinion, and we are so far satisfied with the correctness of the opinion that we adopt it as our own.

If it be, or shall become in the progress of the case, in the power

of the petitioner to designate any paper, document or book as containing material evidence, we see no reason why she may not reach the same and secure its use in evidence by *subpœna duces tecum,* or by an order of the court concededly within its power to make. The aid of the court will doubtless be liberally extended to her in such case, and nothing in the decision of this motion will operate to prejudice such an application.

But we agree with the surrogate that, even if the power invoked by this application existed, it would not be a proper exercise of it to command the administrator to place on the files of the court a heterogeneous mass of documents, letters, papers and books for the rumaging process of such an investigation as is now sought for by the petitioner.

The order must be affirmed, but without costs.

DWIGHT, J., concurred.

BRADY, J., concurred in result.

Order affirmed, without costs.